UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LICIA DUFFY, wife of/and<br>TERRENCE DUFFY, SR. | CIVIL ACTION |
| VERSUS | NO. 06-8674 |
| LARRY ORLANDO and<br>ALLSTATE INSURANCE COMPANY | SECTION "C" (1) |

**ORDER**

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Associacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

### **Improper Joinder**

The primary issue in this dispute is whether or not the plaintiffs' insurance agent, Larry Orlando, was improperly (also described as "fraudulently") joined to defeat diversity jurisdiction. To show improper joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545). To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the

time of removal.  *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)).  Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand.  *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264).  Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one.  *Smallwood*, 352 F.3d at 222.

In their petition, Plaintiffs allege that defendant Larry Orlando issued a homeowner's policy on Plaintiffs' home and, as an agent, advised and recommended various policies, limits, and deductibles upon their purchasing insurance.  Petition, ¶¶ 16-17.  Plaintiffs aver that after the events of August 29, 2005, they learned of disparities and gaps between their homeowners/fire/liability insurance coverages and their flood coverage, and also learned of other insurance products that would have allowed them to reasonably protect their house.  Petition, ¶ 18. Plaintiffs claim that neither the disparities nor other insurance products were brought to their attention by Orlando, and this failure to advise caused him to breach his fiduciary duty as agent for the flood policy.  Petition, ¶ 19.  Plaintiffs also aver that Orlando's failure to close the gap in coverage or bring this disparity to the Plaintiffs' attention is both and active and passive form of negligence.  Petition, ¶ 20.  Finally, Plaintiffs allege that Orlando was negligent in increasing homeowner/fire/liability limit without implementing corresponding increases in flood insurance limits and failing to warn plaintiffs that it was not increasing flood limits, as well as failing to advise that their policy would not cover a levee failure or other acts of man.  Petition, ¶ 24.

Allstate claims that the plaintiffs cannot recover against Orlando because no claim has been stated against him under Louisiana law and that, in any event, any claims against Orlando are perempted. The plaintiffs assert that Orlando negligently advised them regarding the homeowners

and flood policy exclusions and coverages, causing damage when they were insufficiently insured for their losses from Hurricane Katrina. The defendants say that the plaintiffs should have known about Orlando's alleged misrepresentations or negligence at the latest in July 2005 when they read the policy terms when it was last renewed before the storm.

Under Louisiana law, an insurance agent has a duty to use reasonable diligence in placing the insurance requested, to advise regarding recommended coverage and gaps in coverage, and to promptly notify the client if it fails to obtain the requested insurance. *Whitehead v. State Farm Ins. Co.*, 2006 WL 3747520, *2 (E.D. La. December 15, 2006) (J. Berrigan) (*citing Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728 (La. 1973). However, no case imposes a duty on an agent to "identify a client's needs and advise him whether he is under-insured or carries the correct type of coverage." *Id*. *See also Bilbe v. Belsom*, 2006 WL 3388482 (E.D. La.) (J. Barbier); *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 (E.D. La.) (J. Vance). An insurance agent has a duty to use reasonable diligence in placing the insurance requested, to advise regarding recommended coverage and gaps in coverage and to promptly notify the client if he fails to obtain the requested insurance. *Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co.*, 910 F.2d 224 (5th Cir.1990). However, an insurance agent's duties can be greater than merely procuring the insurance requested, depending on what service the agent holds himself out as performing and the nature of the specific relationship between the agent and his client. *Southern Athletic Club, LLC v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D. La.) (J. Lemmon) (*citing Graves v. St. Farm Mut. Auto Ins. Co* ., 821 So.2d 769, 773, 2002-1243 (La. Ct.App. 3 Cir. 0626/02)).

Plaintiffs allege that Orlando had a duty to inform them of the "gap" in coverage between their homeowner's policy and their flood policy. However, Plaintiffs do not allege that they

4

requested a specific type or amount of coverage that Orlando failed to provide, and do not allege any specific wrongdoing by Orlando. As stated above, there is no such duty under Louisiana law. Orlando had no duty to identify Plaintiffs' insurance needs and no duty to advise them as to whether they are sufficiently insured. Thus, the Plaintiff did not state a claim against Orlando and the improper joinder of Orlando cannot be used to defeat diversity jurisdiction.

Because the parties are diverse and the amount in controversy is in excess of $75,000, jurisdiction remains with this Court. Based on the record and the law, the Court finds that the defendant has established subject matter jurisdiction.

New Orleans, Louisiana, this __8th__ day of March, 2007.

HELEN G. BERRIGAN

UNITED STATES DISTRICT JUDGE